1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:22-mc-00138-TLN-CKD

12                    Plaintiff,

13        v.                                FINDINGS AND RECOMMENDATIONS
                                            FOR FINAL ORDER OF CONTINUING
14   LEJOHN WINDON JR.,                     GARNISHMENT

15                    Defendant.

16

17

18        Presently before the court is the United States' application pursuant to Section 3205(c)(7)

19   of the Federal Debt Collection Procedure Act ("FDCPA") 28 U.S.C. § 3001, et seq., for a final

20   order of garnishment against 25% of the non-exempt disposable earnings of LeJohn Windon, Jr.,

21   the defendant in criminal case No. 2:15-cr-0029 ("Debtor"). The undersigned recommends

22   granting a final order of garnishment.

23        **I.        BACKGROUND**

24        On January 26, 2017, Debtor pleaded guilty pursuant to a plea agreement to conspiracy to

25   submit false claims and false claims in violation of 18 U.S.C. §§ 286, 287. On April 27, 2017,

26   Debtor was sentenced and ordered to pay a statutory assessment of $200.00 and restitution in the

27   amount of $356,842.00 ("judgment amount"). See United States v. LeJohn Windon, Jr., E.D. Cal.

28   No. 2:15-cr-0029, ECF Nos. 129, 147, 156.

                                           1

To collect the judgment amount owed, the United States filed an application for a writ of continuing garnishment on April 15, 2022. (ECF No. 1.) The Clerk of the Court issued the writ of continuing garnishment on April 20, 2022. (ECF No. 4.)

On April 20, 2022, the United States filed certificates of service demonstrating service of the writ on Debtor and on Federal Express Corporation ("Garnishee"). (ECF Nos. 2, 3.) The documents served on Debtor advised him, among other things, of his right to claim exemptions to garnishment and right to request a hearing on his claim and/or object to Garnishee's answer and right to request a hearing thereon. (ECF No. 3.)

Garnishee filed its acknowledgement of service and Answer on June 10, 2022, confirming that Debtor is an employee of Garnishee and identifying the applicable pay period and amount of disposable earnings. (ECF No. 10.) The Answer was served on Debtor on June 14, 2022. (ECF No. 11.) The United States now seeks a final order of garnishment pursuant to 28 U.S.C. § 3205(c)(7) against Debtor's wages from Garnishee. According to the United States' application, Debtor owes $354,864.11 as of July 25, 2022. (ECF No. 14 at ¶ 2.)

**II.     LEGAL STANDARDS**

Under the Mandatory Victims Restitution Act, the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. United States v. Mays, 430 F.3d 963, 965, n.2 (9th Cir. 2005). The FDCPA sets forth the "exclusive civil procedures for the United States... to recover a judgment on... an amount that is owing to the United States on account of... restitution." Id. at 965.

The FDCPA permits the Court to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). "Disposable earnings" is defined as "that part of earnings remaining after all deductions required by law have been withheld." 28 U.S.C. § 3002(5). "Nonexempt disposable earnings," in turn, "means 25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act." 28 U.S.C. § 3002(9). The

2

1 principal restriction imposed by the Consumer Credit Protection Act is that garnishment of an

2 individual's disposable earnings is limited to twenty-five percent of the debtor's weekly earnings.

3 15 U.S.C. § 1673(a)(1). Additionally, "the United States is entitled to recover a surcharge of 10

4 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of

5 processing and handling the litigation and enforcement... of the claim for such debt." 28 U.S.C. §

6 3011(a).

7     The government is required by the FDCPA to provide the judgment debtor with notice of

8 the commencement of garnishment proceedings. 28 U.S.C. § 3202(b). The judgment debtor then

9 has twenty days after receipt of the notice to request a hearing. 28 U.S.C. § 3202(b). After the

10 garnishee files an answer, and if no hearing is requested within the required time period, the court

11 must promptly enter an order directing the garnishee as to the disposition of the judgment

12 debtor's property. 28 U.S.C. § 3205(c)(7).

13     **III.     DISCUSSION**

14     Debtor's nonexempt disposable earnings are subject to garnishment under the FDCPA.

15 See 28 U.S.C. § 3205(a). The United States provided Debtor with notice of the garnishment

16 proceedings on April 20, 2022. (ECF No. 3.) The documents served on Debtor advised him of his

17 rights to claim exemptions and request a hearing on his claims, request a hearing to oppose the

18 writ, and object to the Answer and request a hearing. (Id.) Debtor was further advised of the

19 applicable deadlines for exercising these rights under the FDCPA. (Id.) Neither Debtor nor any

20 other person filed any exemption claims, objections, requests for hearing, or other response in this

21 action and the time to do so has now expired. Pursuant to 28 U.S.C. § 3205(c)(7), as no hearing

22 was requested during the applicable time period, the undersigned will recommend that an order

23 issue directing the Garnishee as to the disposition of Debtor's nonexempt disposable wages.

24     The United States also seeks to recover the ten percent (10%) litigation surcharge of the

25 judgment amount balance as authorized by 28 U.S.C. § 3011(a). (ECF No. 14 at ¶ 9.) The

26 FDCPA provides that the United States is entitled to recover a litigation surcharge in connection

27 with the recovery of a debt. 28 U.S.C. § 3011(a). A defendant's criminal monetary penalties,

28 including the assessment, fine, and restitution, all constitute "debt" as defined by the FDCPA. 28

U.S.C. § 3002(3)(B). The debt recovery action must be one that arises under the FDCPA's pre-judgment remedies or post-judgment remedies. 28 U.S.C. § 3011(a); United States v. Sackett, 114 F.3d 1050, 1053 (10th Cir. 1997). The government's garnishment action here is a qualifying post-judgment remedy under 28 U.S.C. § 3205. Subject to exclusions not applicable here, section 3011 provides that the recoverable surcharge amount is 10% of the debt. 28 U.S.C. § 3011(a).

Thus, the United States is entitled to a 10% surcharge on the amount of the debt. The United States seeks a surcharge in the amount of $35,526.44. (ECF No. 14 at ¶¶ 2, 9.) This sum appears to represent 10% of the $355,264.38 sum that was owed as of April 15, 2022, as set forth in the United States' initial application for writ of continuing garnishment. (ECF No. 1 at 2.) However, the amount owed was reduced to $354,864.11 as of July 25, 2022. (ECF No. 14 at ¶ 2.) The United States is entitled to a 10% surcharge on the amount of the debt. See 28 U.S.C. § 3011(a). The undersigned will therefore recommend a surcharge be awarded in the amount of $35,486.41.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. The United States' Request for Final Order of Continuing Garnishment be GRANTED;

2. Garnishee Federal Express Corporation be directed to pay the Clerk of the United States District Court twenty-five percent (25%) of Debtor LeJohn Windon Jr.'s ongoing and non-exempt disposable earnings, including, but not limited to wages, earnings, commissions, and bonuses;

3. Garnishee Federal Express Corporation be directed to pay the Clerk of the United States District Court the amount of non-exempt disposable earnings, including, but not limited to wages, earnings, commissions, and bonuses, already withheld as a result of the writ, within fifteen (15) days of the filing of the Final Order. Payment shall be made in the form of a check, money order, or company draft, made payable to the "Clerk of the Court" and delivered to:

Office of the Clerk
501 I St., Rm. 4-200
Sacramento, CA 95814

The criminal docket number (2:15-CR-00029-TLN) shall be stated on the payment instrument;

////

4

4.  The United States be entitled to recover a $35,486.41 litigation surcharge after satisfaction of the judgment amount owed by LeJohn Windon, Jr. Garnishee shall pay the litigation surcharge to the United States Department of Justice, who will provide payment instructions to the Garnishee concurrently with service of the final order;

5.  The court retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

6.  The garnishment terminate when (1) the United States seeks to terminate the writ or (2) when the judgment amount and litigation surcharge are fully satisfied.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days, after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  August 15, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.wind22mc138.garn.fr

5